## No. 66a

**No. 18303.  ELLA JONES v. GIRARD (Vil.)**

Error to the Court of Appeals, Trumbull County.  Motion for order to certify record filed in Supreme Court, January 7, 1924.  2 Abs. 52.

**54.  AGENCY—683.  JURY.**

The above entitled case presents two questions of error:

First: The rule of law, as announced in 78 OS. 1, should be modified; and, further, enlarged to permitt the creation of an agency by estoppel, under certain circumstances.

Second: When and what circumstances presented in the pleadings, in which foreclosure may possibly be awarded, present a case triable to the court alone, and in which the trial court can lawfully refuse a jury trial?

The first proposition grew out of the following facts:

Certain of the defendants had been investing money through anotLer defendant, Hawk, in the course of which investment dealings the said Hawk placed the defendants' money in a mortgage security from the plaintiffs.

The plaintiffs paid from time to time until the loan was practically paid, whereupon they demanded the notes and release of the mortgage.  The evidence disclosed that Hawk remitted to the investing defendants only the interest.  He refused to satisfy and discharge the mortgage and later absconded.

The action was started by the plaintiffs, against him, before he left, for the purpose of compelling a release of the mortgage.  The other defendants became such by cross-petitions, setting up their ownership of the notes and mortgage and the amount due.

The first question is made for the reason that it seems that in those cases in which an undisclosed principal goes to the length of entrusting his affairs to one who is an agent in all other respects should not be permitted to escape liability behind 78 OS. 1, but should at that time be estopped to deny the agency.

The second proposition presents one where an action starts out equitable in natuie, and later having questions of fact injected into it, together with possible foreclosure.  In such case it would seem that the issues should be submitted to a jury, which was refused in the instant case.

Attorneys—W. L. Countryman, Youngstown, for Jones; B. F. Jenkins, Girard, for defendant.

## No. 66b

**No. 18307.  STATE ex, RIEGEL v. LEMUEL P. SHERMAN, Auditor**

Motion for order to certify record, filed in Supreme Court, January 9, 1923.  2 Abs. 52.

**1157.  TAXATION, of Schools.**

Vernon M. Riegel, the relator, is the Auditor of Union County.  In his petition he recites that pursuant to 7595-1 GC. the Board of Education of Dover Township, Union County, on July 10, 1923, filed with the Director of Education of Ohio its application to participate in the State Educational Equalization Fund for the ensuing year, commencing September, 1923  That said board was not entitled to so participate in said fund, because the property within said school district would not be taxed during the year, at the rates prescribed in said statute, in that the school levy of three mills, provided for in 5649-5, 5a and 4, upon favorable vote of the electors, would not operate during the said school year.

Thereupon said board submitted to the electors at the election held Nov. 6, 1923, a levy of 3 mills for school purposes, which failed of approval.  Thereafter, on Nov. 21, 1923, the Ohio Director of Education directed the County Board of Education, pursuant to 7596-1 GC. to cause to be levied on the property of said Dover Township rural school district, an additional three-mill levy for the tax year of 1923.  This was done and the defendan'. Sherman, as County Auditor, was directed to place the levy upon the tax duplicate.

The relator says that said Sherman, as Auditor, arbitrarily and capriciously neglected, failed, refused and neglected to place the levy upon the tax duplicate in the manner provided by law, and prays for a writ of mandamus to compel him to place the levy upon the tax list.

The answer of Sherman sets up that the action of Riegel was not in sufficient form to demand a tax levy of three mills in addition to other taxes on the district, and further that the action of the Director of Education in certifying the levy occurred subsequent to October 1, 1923, when by 2595 GC. he was required to deliver to the County Treasurer the tax duplicate.

Attorneys—C. C. Crabbe, Atty. Gen., W. E. Benoy and H. D. Mills Columbus, for plaintiff.